IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,     )
     )
v.     )     Cr. No. 2:08cr121-WHA
     )
JAMES R. RUSSELL     )     (WO)

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I.  FACTS AND PROCEDURAL HISTORY**

This case is before the court on the Defendant's Motion for Judgment of Acquittal and/or New Trial (Doc. # 405) filed on December 1, 2008.

The Defendant, James R. Russell ("Russell") and his fourteen co-defendants were named in a 52-count indictment that charged a powder cocaine and cocaine base distribution conspiracy, and use of a communications facility to facilitate the drug offenses.  On November 7, 2008, Russell was convicted of count one, conspiracy, and counts forty-one through forty-five, use of a communications facility ("telephone counts").

Following the Defendant's Motion for Judgment of Acquittal and/or New Trial, the Government filed its response on December 15, 2008 (Doc. # 409).  On January 19, 2009, the Defendant filed a Supplement to the Motion for New Trial (Doc. # 426).  The Government filed its response to the Defendant's supplemental motion on March 30, 2009.  The issues have now been fully briefed by the parties, and, after careful consideration of arguments by both the Government and the Defendant, the court concludes that the Motion for Judgment of Acquittal and/or New Trial and the Supplement to the Motion for New Trial are due to be denied.

## II.  STANDARD OF REVIEW

### A.  Motion for Judgment of Acquittal

A defendant carries a heavy burden in challenging the sufficiency of evidence supporting a conviction.  *United States v McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002).  The court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hernandez*,  433 F.3d 1328, 1335 (11th Cir. 2005).

The court views the evidence in the light most favorable to the government, making all inferences and credibility determinations in the government's favor.  *United States v. Majors*, 196 F.3d 1206, 1210 (11th Cir. 1999).  Accepting all reasonable inferences from the evidence which support the verdict, the court will uphold the convictions if a reasonable fact-finder could have reached a conclusion of guilt beyond a reasonable doubt.  *United States v. Lopez*, 985 F.2d 520, 524 (11th Cir. 1993).  It is not necessary for the government to disprove every reasonable hypothesis of innocence, as a jury is "free to choose among reasonable constructions of the evidence."  *United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir. 1990).

### B.  Motion for New Trial

Rule 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  It is the defendant's burden to justify a motion for new trial.  *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc).

## III.  DISCUSSION

### A.  Motion for Judgment of Acquittal

Russell contends that the evidence presented at trial was not sufficient to support a conviction on either the conspiracy count or the telephone counts. Russell contends that government witness Marcus Jenkins's testimony was incredible as a matter of law, and that the evidence presented at trial showed only that Russell was in a buyer-seller relationship with Jenkins, not a member of the charged conspiracy.

### 1.  The Testimony of Marcus Jenkins

Russell contends that the testimony of Marcus Jenkins, a testifying co-conspirator, was incredible as a matter of law, citing *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985), entitling him to a judgment of acquittal.  In *Rivera*, the court held that for the testimony of a government witness to be incredible as a matter of law, it must be unbelievable on its face, meaning that the testimony involves "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.*  The court noted that "the fact that the witness has consistently lied in the past, engaged in various criminal activities, thought that his testimony would benefit him, and showed elements of mental instability does not make his testimony incredible." *Id.*

Russell has not pointed to any particular aspect of Jenkins testimony that meets this high standard.[1]  Much of the evidence presented by the Government at trial involved voice recordings

---

[1] The Defendant may be referring to Jenkins's testimony regarding a particular kilo quantity sale to the Defendant for $30,000.  Jenkins testified that he had purchased the kilo of cocaine from another co-conspirator, Ardarreyus Shelton, for "around twenty-six thousand" dollars and picked up the kilo from the floorboard of Shelton's car while the car was parked at Shelton's business.  Tr. Vol. I at pp. 167-68.  Shelton later testified that this transaction did not occur.  Tr. Vol. II at pp. 108-109.  Disagreements of this nature between witnesses, however, do not make one witness's testimony incredible as a matter of law.  Rather, resolution of witness credibility is well within the province of the jury, and the court will not disturb the verdict on this basis.

of the Defendant.  While Jenkins identified the Defendant's voice on the recordings, and interpreted some of the statements made by the Defendant and others on the recordings, much of that testimony was corroborated by other witnesses, and did not involve facts that Jenkins "could not possibly have observed" or that defied the laws of nature.  *See Rivera*, 775 F.2d at 1561. Another co-conspirator, Draper Carter testified that the Defendant was one of the men on the recordings.  Special Agent Bret Hamilton testified, based on his experience investigating drug crimes with the Drug Enforcement Agency, regarding the meaning of terms commonly used in the drug trade.  Although Jenkins has not always been a law-abiding citizen, the court finds that his testimony involved matters that he was physically capable of witnessing and was not incredible on its face.  Jenkins's testimony, therefore, was not incredible as a matter of law.

### 2.  Buyer-Seller Relationship

Russell also asserts that he is entitled to a judgment of acquittal because the evidence, taken in a light most favorable to the prosecution, fails to establish that Russell was a member of the charged conspiracy.  Russell contends that the evidence shows he was merely in a buyer-seller relationship with one of the charged conspirators, Marcus Jenkins.  Russell further contends that the court erred in failing to instruct the jury that it is not to find a conspiracy where the relationship goes no further than that of a buyer and a seller.

As the Defendant correctly notes, simple purchases are not sufficient to establish a conspiracy, and the court must distinguish between "mere isolated sales" and a "continuing course of conduct by the defendants designed to result in distribution." *United States v. Burroughs*, 830 F.2d 1574, 1581 (11th Cir. 1987).  An agreement may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to

4

the purchaser with evidence of subsequent distribution. *Id.*  The court has used the following factors in finding a conspiracy: "(1) multiple purchases; (2) regular travel to obtain drugs; (3) communications initiated before making the trips; (4) the buyer knowing from where the seller's drugs came; (5) the seller knowing where the buyer will resell it; (6) the seller's interest in the drugs beyond the sale to the buyer; and (7) the 'fronting' of drugs to buyers."  *United States v. Nelson,* No. 07-14473, 2009 WL 764981, *3 (11th Cir. March 25, 2009) (citing *United States v. Beasley*, 2 F.3d 1551 (11th Cir. 1993)).

At trial, the Government provided evidence applicable to a number of these factors. Specifically, the Government presented evidence of multiple purchases of kilo quantities made by the Defendant, and that the Defendant was familiar with the source of Jenkins's supply of drugs.  Therefore, the evidence presented at trial was sufficient to support a jury verdict of guilty on the conspiracy count.

Similarly, the court does not find that its failure to give a "buyer-seller" charge in this case was erroneous. With regard to a challenge to an instruction to the jury, a district court has broad discretion in formulating a jury charge so long as the charge as a whole accurately reflects the law and the facts. *United States v. Turner*, 871 F.2d 1574, 1578 (11th Cir. 1989).  A conviction should stand unless, after examining the entire charge, the issues of law were presented inaccurately, the charge included crimes not contained in the indictment, or the charge improperly guided the jury in such a substantial way as to violate due process.  *United States v. Richardson,* 233 F.3d 1285, 1292 (11th Cir. 2000).

In this case, the court charged the jury that "a person who has no knowledge of a conspiracy but who happens to act in such a way which advances some purpose of one does not

thereby become a conspirator." Tr. Vol. II at p. 161.   The Eleventh Circuit has held this language

to "adequately and correctly" cover the Defendant's requested buyer-seller charge, and to be a

proper statement of the law. *United States v. Lively*, 803 F.2d 1124, 1128-29 (11th Cir. 1986);

*United States v. Quang Van Nguyen*, 296 Fed. Appx. 779, 781 (11th Cir. 2008).   Further, as

discussed above, the evidence presented at trial established more than a buyer-seller relationship.

Therefore, the Defendant's Motion for Judgment of Acquittal is due to be denied.

## B.  Motion for New Trial

Russell raises two grounds for a new trial: the court's decision not to declare a mistrial

following the prosecutor's identification of persons speaking on one of the recordings previously

entered into evidence, and an error in the verdict form entered by the jury.   The court will discuss

the two issues in turn.

### 1.  Russell's Motion for a Mistrial

During the deliberations, the jury asked to listen to a number of recorded conversations

previously entered into evidence.   During the replay in open court of one of the recorded

conversations, the prosecutor improperly identified the two speakers on the recording as "Marcus

and Kenneth Jenkins."   Tr. Vol. II at p. 183.   The court immediately instructed the prosecutor to

identify recordings by only number, and date and time of the conversation.   *Id.*   The prosecutor

then played the remainder of the recordings requested by the jury, properly identifying them by

only number, date and time.   Prior to dismissing the jury to continue their deliberations, the court

gave the following instruction:

> I want to remind you of something that I had told you about more than once
> during the trial of this case, and that is that nothing the lawyers say is evidence in
> this case.   Specifically, the statement as to who the parties were on the telephone
> call.   That statement is not evidence.   So it's up to you to determine who was on

the telephone call from the evidence in the case.  Okay?

Tr. Vol. II at pp. 184-85.

Following the dismissal of the jury, defense counsel moved on behalf of the Defendant for a mistrial based on the prosecutor's identification of the parties on the call, or, alternatively to recharge the jury on the burden of proof and presumption of innocence.  The court denied both motions and concluded that its curative instruction was sufficient, noting that "several jurors were nodding in agreement" to the instruction that the prosecutor's statements are not evidence and "that who was on the calls was something that they were to determine."  Tr. Vol. II at p. 187.

The Eleventh Circuit has made clear that "the district court is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury" and that a defendant must show that his substantial rights are prejudicially affected to be entitled to a mistrial.  *United States v. Emmanual*, — F.3d — , 2009 WL 1064954, *8 (11th Cir. April 21, 2009) (internal quotation and citation omitted).  Whether the defendant's substantial rights are prejudicially affected is evaluated in the context of the entire trial and in light of any curative instruction. *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007); *United States v. Mock*, 523 F.3d 1299, 1302 (11th Cir. 2008) (applying the test in the context of prosecutorial misconduct). A defendant's substantial rights are prejudicially affected "where there is a reasonable probability that but for the remarks, the outcome of the trial would have been different."  *Newsome*, 475 F.3d at 1227.

The court considered the prejudicial effect of the statement made by the prosecutor and carefully gauged the response of the jury to the curative instruction.  In light of the curative instruction and the jury's response to that instruction, the court finds that the Defendant's

substantial rights were not prejudicially affected.  Therefore, the Defendant's Motion for New

Trial based on the court's denial of the Defendant's Motion for Mistrial is due to be denied.

### 2.  Improper Verdict Form

Prior to trial, the Government submitted a proposed special verdict form in compliance

with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296

(2004).  The proposed special verdict form asked the jury to determine attributable amounts of

both powder cocaine and cocaine base.  The Defendant did not submit a proposed verdict form

because defense counsel was satisfied that the Government's proposed verdict form was proper.

The special verdict form actually given to the jury by the court, however, contained attributable

cocaine base weight options that did not correlate with the statutory amounts and that differed

from those contained in the Government's proposed special verdict form.[2]  As a result, the

verdict form returned by the jury found the Defendant guilty of conspiring to distribute, or to

possess with intent to distribute, cocaine base weighing less than 500 grams.  (Doc. # 394).  The

powder cocaine attributable amount options in the special verdict form were in accord with the

statutory amounts for powder cocaine.

Russell contends that the error on the special verdict form denied him his right to a fair

trial.  He argues that his convictions on both the conspiracy count and the telephone counts

should be vacated due to the error on the verdict form.  He claims that the error was integral to all

---

[2] The verdict form gave the jury the following options for weights of cocaine base it could attribute to the Defendant: (1) weighing 5 kilograms or more, (2) weighing 500 grams or more, but less than 5 kilograms, (3) weighing less than 500 grams.  Those options are the statutory amounts that correlate with cocaine, and not cocaine base. The verdict form should have given the following weight options for cocaine base: (1) weighing 50 grams or more, (2) weighing 5 grams or more, but less than 50 grams, (3) weighing less than 5 grams.

of count one, including the jury's determination of the attributable amounts of both powder cocaine and cocaine base, and "because the telephone counts are the object of the defendant's alleged involvement in the conspiracy, those counts, too, must be vacated."  (Doc. # 405, p. 9).

The court does not find that the error on the special verdict form adversely affected the jury's verdict on the attributable powder cocaine amount.  The attributable powder cocaine weight options on the special verdict form correlated to the statutory amounts for powder cocaine, and the jury returned a verdict in line with the statutory amounts.[3]  Therefore, the error with respect to the cocaine base amounts does not impact the verdict returned on the attributable amount of powder cocaine.  In addition, the error on the special verdict form does not impact the Defendant's conviction on the telephone counts, as there is still an underlying conviction for conspiracy to distribute or possess with the intent to distribute powder cocaine.

Due to the admitted error in the cocaine base amounts on the jury form, the Government has conceded that the Defendant is not subject to any mandatory minimum sentence for cocaine base.  The jury, by its verdict, found that the Defendant conspired to distribute, or conspired to possess with intent to distribute, cocaine base weighing "less than 500 grams."  The jury could have found the Defendant not guilty, but it did not.  Giving the Defendant the benefit of the doubt as to the amount, the court will interpret this verdict as a factual finding by the jury of an amount of cocaine base weighing less than 5 grams.  The Motion for New Trial is due to be denied.

**C.  Supplement to Motion for New Trial**

---

[3]  The jury found the Defendant guilty of  conspiring to distribute, or conspiring to possess with intent to distribute, cocaine weighing 500 grams or more, but less than 5 kilograms.

In the Supplement to the Motion for New Trial, the Defendant raises concerns regarding the mental health of government witness Marcus Jenkins.  Subsequent to trial, and the filing of the Defendant's Motion for New Trial, Jenkins underwent a Psychological Examination to address mental health concerns and to determine whether Jenkins is competent to stand trial.  As a result, the Defendant asked that the court permit the Motion for New Trial be supplemented with evidence regarding Jenkins's mental health, and that the court refrain from ruling on the Motion for New Trial until Jenkins's evaluation is completed.

The court delayed ruling on this matter until the completion of Jenkins's Mental Health Evaluation, and is now in receipt of the report, dated April 2, 2009.  The report concludes that Jenkins "is not presently suffering from a mental disease or defect that requires his custody for care or treatment in an inpatient psychiatric facility" and determined the "primary condition affecting the evaluation was Malingering." (Doc. # 528).

It is not clear whether the Defendant contends that Jenkins's mental health concerns constitute "newly discovered evidence"[4] or *Brady* evidence[5] as a basis for a new trial.  The

---

[4] To merit a new trial based on newly discovered evidence, a defendant must show that: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). "The failure to satisfy any one of these elements is fatal to a motion for new trial." *Id.* at 1274.

[5] To establish a claim for a new trial based on a Brady violation, the defendant must show that: (1) the prosecution suppressed evidence; (2) the evidence suppressed was favorable to the defendant or exculpatory; and (3) the evidence suppressed was material to the issues at trial. *United States v. Burroughs*, 830 F.2d 1574, 1577 (11th Cir. 1987) (citing *Brady v. Maryland,* 373 U.S. 83 (1963)). "Materiality" requires a finding that, had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. *Id.* at 1578.

Defendant, however, has not met his burden of demonstrating his entitlement to a new trial on either ground.  Further, based on the conclusion of the Mental Health Evaluation, together with the court's observation of Marcus Jenkins and hearing his testimony at trial, the court finds that the Defendant cannot satisfy the requirements for a new trial based on either ground.  In light of all the evidence, the court finds that Marcus Jenkins has no mental health issues which likely could have affected the outcome of the trial in any way.  Therefore, the court does not find that a hearing on the issue is necessary,[6] and the Defendant's Supplement to the Motion for New Trial (Doc. # 426) is due to be denied.

## IV.  CONCLUSION

For the reasons stated above, the Defendant's Motion for Judgment of Acquittal and/or New Trial (Doc. # 405) and the Defendant's Supplement to the Motion for New Trial (Doc. # 426) are due to be and are hereby ORDERED DENIED.

DONE this 15th day of May, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[6]  Whether to hold an evidentiary hearing on a motion for new trial is a decision within the district court's sound discretion. *United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998).