PROB 12B
(3/2019)

# United States District Court

## for

## Middle District of Alabama

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender

Name of Offender: James R. Russell                                           Case Number: 2:08cr121-RAH-15

Name of Sentencing Judicial Officer: The Honorable W. Harold Albritton, Senior U.S. District Judge; case reassigned to The Honorable R. Austin Huffaker, U.S. District Judge

Date of Original Sentence: June 10, 2009

Original Offense: Count 1: Conspiracy to distribute cocaine and cocaine base, 21 U.S.C. § 846
Counts 41-45: Use of a communications facility to facilitate a controlled substance offense, 21 U.S.C. § 843(b)

Original Sentence: 121 months custody which consisted of 121 months on Count 1, and 48 months each on Counts 41-45, all such terms to be served concurrently; followed by five (5) years supervised release on Count 1, and one (1) year each on Counts 41-45, all such terms to run concurrently

Type of Supervision: Supervised Release                Date Supervision Commenced: June 5, 2017

---

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To dismiss the petition (doc. 907) and amended petition (doc. 918) and modify the conditions of supervision as follows:

You shall participate in the Location Monitoring Program and shall comply with the conditions of home detention which will be monitored by a location monitoring system determined by your probation officer, for a period of 6 months. You shall wear (a) location monitoring device(s) and follow the monitoring procedures specified by your probation officer. You shall pay all costs of the program based upon your ability to pay as determined by your probation officer.

### CAUSE

On November 9, 2020, a complaint was filed with the Montgomery Police Department alleging that the defendant and several others were responsible for a shooting that took place that same day in Montgomery, Alabama. As a result, the defendant was charged with Reckless Endangerment and a warrant was issued for his arrest. The warrant was executed, and the probation officer pursued filing a petition to revoke supervised release on December 3, 2020 (doc. 907). After further investigation of the Reckless Endangerment charge alleged in the petition, detectives with the Montgomery Police Department have advised that there is no evidence of Russell discharging a weapon as initially reported.

Later, a record check revealed that the defendant also had a warrant for a Domestic Violence/Harassment complaint that was filed with the Montgomery Police Department in January 2020. This warrant was executed, and the probation officer pursued filing an amended petition on December 16, 2020 (doc. 918) based on the new law

The Honorable R. Austin Huffaker, Jr., U. S. District Judge
January 21, 2021
Page 2

RE:  Russell, James R.
 Dkt. # 2:08cr121-RAH-15
 **PROB 12B**

violation charge. After further investigation, the complainant advised the probation officer that Russell never committed domestic violence against her and that it was Russell's girlfriend with whom she had an altercation and not the defendant. According to the victim, she never intended a warrant being issued for the defendant's arrest.

Information was received during the investigation that for several months the defendant had been living at a residence that had not been reported to the probation office. The probation officer traveled to the residence on several occasions after the Reckless Endangerment complaint, and the defendant's vehicle was observed at the residence several times at varying times of the day. In several instances, the defendant left and returned to the same residence and spent the night. The defendant has paid the utilities at the residence since June 2018, one year after his release from the Bureau of Prisons. Russell admitted that he had been living at an address which he had not provided to the probation officer.

Due to the allegations of new criminal conduct being unfounded, the probation office recommends that the defendant be ordered to serve home detention for a period of six (6) months.  This period of location monitoring will serve as a controlling intervention to deter further noncompliance and to ensure that the defendant is residing at the residential address he provides to the probation officer. It is also recommended that the petition (doc. 907), and as amended (doc. 918), be dismissed. The defendant has agreed to the modification of his conditions of supervised release by signing Probation Form 49. Counsel for the government and for the defendant are in agreement for dismissing the violation petition and modifying Russell's conditions to include six (6) months of home detention.

Respectfully submitted,

by   /s/ Kenton Still
 United States Probation Officer

Date:  January 21, 2021

Reviewed and approved by:   /s/ David Ron Thweatt
 Supervisory U.S. Probation Officer

---

THE COURT ORDERS:

☐  No Action.

☐  The Extension of Supervision as noted above.

☒  The Modification of Conditions as noted above.  It is further ORDERED that the petition (doc. 907), and as amended (doc. 918), be dismissed.  The revocation hearing scheduled on January 26, 2021, is hereby cancelled.

☐  Other

/s/ R. Austin Huffaker, Jr.
UNITED STATES DISTRICT JUDGE

January 22, 2021
Date